UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMED LY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES POSTAL SERVICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 09-2241(HHK) |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant, United States Postal Service ("USPS"), by and through the undersigned counsel, respectfully files this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or, In the Alternative, for Summary Judgment.

**ARGUMENT**

**I. Plaintiff Failed to Meet His Burden of Ensuring Compliance with Postal Regulations Pertaining to Mailing**

In his Opposition, Plaintiff asserts that he never read or was directed to the referenced "Insurance Coverage" section of the shipping label. However, it was the responsibility of Plaintiff, not of USPS, to read and learn the limitations of insurance coverage, and to ensure compliance with postal regulations regarding mailing. See IMM § 112 (providing that the burden rests at all times with the mailer to ensure compliance with Postal regulations pertaining to mailing, both those of the United States and those of the destination country); see also Frank Mastoloni & Sons v. United States Postal Service, 546 F. Supp. 415, 419 n.4 (S.D.N.Y. 1982) (noting that plaintiff was presumed to have notice of the contents of the DMM); Ridgway

1

Hatcheries, Inc. v. United States, 278 F. Supp. 441, 443 (N.D. Ohio 1968) (finding that parties who purchased postal insurance were deemed to have notice of postal insurance regulations published pursuant to Federal Register Act).

39 U.S.C. § 5006 authorizes the Postmaster General to establish a system whereby he may enter into contracts of insurance relative to the mails. 39 U.S.C. § 5006. Those regulations constitute the substance and the terms of any such contract. Plaintiff is deemed to have notice of these regulations published pursuant to the Federal Register Act, 44 U.S.C. § 307. Here, the IMM defines the extent of USPS' liability. The IMM and incorporated portions of DMM specifically prohibit indemnity payments for the contents of Express Mail International shipments that are "prohibited," IMM § 935.2, as well as "nonmailable items" or "restricted items not prepared and mailed according to postal standards." DMM § 609.4.3.s. In the case of shipments to Pakistan, mobile telephones are generally restricted, and are explicitly prohibited in Express Mail International shipments. See IMM at 670-71 ("Express Mail International shipments mailed to Pakistan may not contain valuable consumer products, such as mobile telephones."). Plaintiff had the burden to ensure compliance with postal regulations regarding mailing, but failed to comply with the mailing standards of USPS by sending prohibited items to Pakistan. As a result, USPS has not consented to be sued over this matter.

Moreover, Plaintiff had at least constructive notice of the existence of the IMM rules for mailing cell phones to Pakistan. USPS provided Plaintiff with an Express Mail Label, filled out by Plaintiff at the time of mailing, which states that "[i]nsurance is provided only in accordance with postal regulations in the Domestic Mail Manual (DMM) and, for international shipments, the International Mail Manual (IMM)." Woody Decl. ¶ 10 & Ex. 5. The label directed Plaintiff to go to the DMM and IMM, via internet or local Post Office, to obtain information regarding

2

limits of coverage and items which were acceptable for mailing.  <u>See</u> Ex. 5.  The label further states that insurance coverage will not be provided for prohibited articles.  <u>Id.</u>  The IMM states that cell phones may not be sent to Pakistan, IMM Issue 25 at 671, and that USPS will not make payment of insurance coverage when the contents are prohibited.  IMM Issue 25 § 953.2.b.  For purposes of indemnity coverage, it was Plaintiff's responsibility to read the limitations of coverage provided on the receipt given to him at the time of mailing and to withdraw the article from mailing if the terms of insurance coverage were not satisfactory.

Plaintiff also argues in his Opposition that USPS had full knowledge of the package contents (cell phones) at the time of shipping, and willingly collected payment for coverage, amounting to a deceptive business practice.  However, it is likely that USPS did not have full knowledge of the contents of Plaintiff's mailing.  On the Customs Declaration form, Plaintiff did not indicate that he was mailing mobile phones, but identified the contents of his mailing with a word that appears to be "prones".  <u>See</u> Ex. 2.

Even if the postal worker who sent Plaintiff's package had seen the contents of Plaintiff's package, identified the contents as cell phones, and then sent the package to Pakistan, any claims of estoppel against USPS by Plaintiff must fail under existing caselaw.  District of Columbia courts have repeatedly held that one who contracts with a government agent is constructively notified of the limits of that agent's authority, and any reliance on contrary representations cannot be reasonable.  <u>Williams v. District of Columbia</u>, 902 A.2d 91, 96 (D.D.C., 2006); <u>Leonard v. District of Columbia</u>, 801 A.2d 82, 86 (D.D.C., 2002).  A government agent cannot validate a contract merely by averring that she is authorized to enter it.  If no such authority exists; the rule applies with equal force even if "the agent himself may have been unaware of the limitations upon his authority."  <u>Williams</u>, 902 A.2d at 96 (quoting <u>Federal Crop Ins. Corp. v.</u>

Merrill, 332 U.S. 380, 384 (1947)).  Because Plaintiff was on constructive notice of the postal worker's authority, any claim of reasonable reliance on the actions of the postal worker who sent his package is unavailing.  See Leonard, 801 A.2d at 86.  The authority of a postal worker is limited by USPS regulations that restrict insurance coverage for specific items.  Thus, USPS regulations barring indemnity for cell phones sent to Pakistan would apply even if a postal worker allowed a customer to purchase insurance for a package that the worker knew contained a prohibited item and could not be insured.  As a result, Plaintiff's claim of estoppel must fail.

Because Plaintiff failed to comply with the terms of USPS regulations barring indemnity for shipments of prohibited articles, the Court lacks subject matter jurisdiction over this case, and the case should be dismissed.  In the alternative, the Court should grant summary judgment in Defendant's favor, because mobile telephones shipped to Pakistan are uninsurable under USPS regulations, and Plaintiff fails to state a claim as a matter of law.

## II.     Plaintiff Misconstrues Defendant's Argument That Plaintiff Failed to Exhaust His Administrative Remedies

In his Opposition, Plaintiff also alleges that Defendant claims in its motion that Plaintiff did not initiate an inquiry with USPS.  However, Plaintiff misconstrues Defendant's argument, as Defendant has not asserted that Plaintiff failed to initiate an inquiry.  Instead, Defendant states in its motion that Plaintiff failed to exhaust his administrative remedies by failing to file an appeal through the USPS administrative appeals process in response to the USPS denial of his claim.  [DE# 10].  Plaintiff also argues in his Opposition that the USPS legal office advised Plaintiff, via phone, to "go to court and do what you have to do," [DE#13] but Plaintiff has provided no record of contact between Plaintiff and the USPS legal office.

A customer may appeal a decision on his or her claim by filing within 60 days of the date of the original decision with the International Claims Appeals Accounting Services.  IMM §

931.31.  If the manager of International Claims Appeals Accounting Services sustains the denial of a claim, the customer may submit an additional appeal within 60 days for final decision to the Consumer Advocate of International Claim Appeals.  IMM § 931.32.   Plaintiff contacted the USPS International Inquiry Center ("IIC") by telephone on or about January 30, 2009, and the IIC investigated Plaintiff's claim.   On February 10 and February 17, 2009, the IIC contacted Plaintiff, instructing him to provide an invoice of the contents of the mail item. On February 18, 2009, an IIC representative left a message on Plaintiff's voice mail and closed Plaintiff's case. See Defendant's Statement of Material Facts Not in Dispute at ¶ 9.  USPS has no record, and Plaintiff has not asserted, that Plaintiff has appealed this matter to the USPS International Claims appeals or to any higher authority.  Id. at ¶ 14.

     Although Plaintiff asserts that the USPS legal office advised Plaintiff to go to court, [DE#13], Plaintiff has not provided any record of contact between Plaintiff and the USPS legal office.  Even if an employee in the USPS legal office had instructed Plaintiff to take the matter to court instead of exhausting his administrative remedies with USPS, Plaintiff's claim of estoppel on the words of the USPS employee would fail.  As explained above, Plaintiff had constructive notice of the limits of the authority of USPS employees, and an employee in the USPS legal office does not have authority to circumvent USPS regulations requiring a USPS customer to exhaust administrative remedies.  See Williams, 902 A.2d at 96; Leonard, 801 A.2d at 86.

     Because Plaintiff failed to exhaust available administrative remedies, the Court should dismiss, or in the alternative, grant Defendant's motion for summary judgment.  See Breaux v. United States Postal Service, 46 F. Supp. 2d 641 (E.D. Tex. 1999) (dismissing plaintiff's claim for failure to exhaust administrative remedies), aff'd on other grounds, 202 F.3d 820 (5th Cir. 2000); Gelbfish v. United States Postal Service, 51 F. Supp. 2d 252 (E.D.N.Y. 1999) (dismissing

plaintiff's complaint because plaintiff failed to failure to exhaust his administrative remedies when he did not appeal his claim with USPS).

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons Plaintiff's complaint should be dismissed, or in the alternative, the Court should grant Defendant's motion for summary judgment.

        Respectfully submitted,

        RONALD C. MACHEN JR., D.C. Bar # 447889
        United States Attorney
        for the District of Columbia

        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Chief, Civil Division

        By: _____
        AUDREY LAMBERT
        Special Assistant United States Attorney
        555 4th St., N.W.
        Washington, D.C. 20530
        (202) 305-9927
        Audrey.Lambert@usdoj.gov

OF COUNSEL
LADONNA L. GRIFFITH-LESESNE
Attorney
United States Postal Service
Capital Metro Law Office
8200 Corporate Drive
Landover, MD  20785

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of June 2010, the accompanying reply was served on pro se Plaintiff by first class U.S. mail addressed to:

   /s/
AUDREY LAMBERT
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-305-9927
Audrey.Lambert@usdoj.gov