# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMED LY,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　Defendant. | Civil Action 09-02241  (HHK) |

## MEMORANDUM OPINION

Plaintiff Mohamed Ly, proceeding *pro se*, brings this breach of contract claim against the United States Postal Service ("USPS"), asserting that the USPS unlawfully refuses to indemnify him for the contents of mail allegedly lost by the USPS. Before the Court is the USPS's motion to dismiss, or in the alternative, for summary judgment [#10], seeking dismissal of the case on the grounds that, *inter alia*, Ly has not exhausted his administrative remedies. Upon consideration of the motion, the opposition thereto, and the record of the case, the Court concludes that the USPS's motion must be granted.

### I.  BACKGROUND[1]

On January 26, 2009, Ly sent a package from a USPS location in Gaithersburg, Maryland to an address in Pakistan. Ly contends that he shipped ten "Blackberry Storms" in this package valued at a total of $2,649.90. Ly spent $74.75 in postage and purchased additional insurance for the package for a fee of $3.45, which entitled him to up to $1,000 in coverage. At the time of the

---

[1]　　The Court takes these facts in large part from the USPS's motion to dismiss due to the lack of factual allegations in Ly's complaint or briefs. The Court understands these facts to be accurate given Ly's observation, in responding to the USPS's motion to dismiss, that "the facts of this case are not in dispute." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1.

mailing, Ly filled out an Express Mail Label which stated that insurance coverage is only provided "in accordance with postal regulations in the Domestic Mail Manual (DMM) and, for international shipments, the International Mail Manual (IMM)." Def.'s Mot. to Dismiss, Ex. 5. When the package arrived in Pakistan on January 30, 2009, the addressee refused it because he stated that contents were missing. On the same day or shortly thereafter, Ly contacted the USPS International Inquiry Center by telephone to report that he had mailed ten cell phones that were missing upon delivery in Pakistan. In response to an inquiry by the USPS International Inquiry Center, the Postal Administration of Pakistan indicated that the package had arrived in good condition and contained only a computer speaker and an answering machine. The International Inquiry Center contacted Ly in February 2009 to obtain information verifying the contents of the package. According to Ly, he initiated a number of phone inquiries with the USPS and filled out a PS Form 1000 claim form.[2] There are no allegations that he pursued the USPS claims and appeals processes.

## II. LEGAL STANDARD

The USPS moves to dismiss Ly's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for failure to exhaust his administrative remedies.[3] Although "there is some uncertainty as to whether a failure to exhaust administrative remedies is properly brought in a Rule 12(b)(1)

---

[2] This claim form is attached as an exhibit to Ly's complaint. It is unclear where or to whom he submitted this claim form, but written on the form is the notation "hand-delivered to Mr. Ramona on 4/15/09."

[3] The USPS also moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that USPS regulations bar indemnity for shipments of prohibited articles, including cellular phones, and the USPS's liability is defined by the terms of the postal laws and regulations. Because the Court grants the USPS's motion to dismiss on exhaustion grounds, the Court does not reach this argument.

2

motion, as a jurisdictional defect, or in a Rule 12(b)(6) motion for failure to state a claim," courts in this circuit tend to treat failure to exhaust as a failure to state a claim rather than as a jurisdictional deficiency. *See Hall v. Sebelius*, 689 F. Supp. 2d 10, 21 (D.D.C. 2009); *Marcelus v. Corr. Corp. Of America/Corr. Treatment Facility*, 540 F. Supp. 2d 231, 235 n.4 (D.D.C. 2008); *see also Artis v. Bernanke*, 630 F.3d 1031, 1034 n.4 (D.C. Cir. 2011) (noting that "failure to exhaust administrative remedies is not jurisdictional under current precedents" unless the statute contains a clear statement to that effect).[4] Therefore, the Court will treat the USPS's motion as brought under Rule 12(b)(6).

Under Rule 12(b)(6), a court must dismiss a complaint, or any portion of it, if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. ANALYSIS

Ly seeks to recover, through the insurance that he purchased from the USPS, the lost value of ten cellular phones that he allegedly mailed to Pakistan. The USPS argues that Ly's claim must fail because he did not exhaust his administrative remedies pursuant to the USPS's regulations as set forth in the IMM. Ly does not contend that he followed the USPS procedure for exhausting his administrative remedies, but avers that he "initiate[d] an inquiry with [the] USPS, both locally and through [the USPS's] toll free number." Pl.'s Opp'n at 1. The Court

---

[4] Even if this motion to dismiss is properly addressed under Rule 12(b)(1), the Court finds that the outcome in the case would be the same under either Rule 12(b)(6) or Rule 12(b)(1).

3

agrees with the USPS that Ly failed to exhaust his administrative remedies and will grant the USPS's motion to dismiss on this basis.

The postal regulations governing international mail indemnity claims and payments are published in the USPS's IMM. The IMM has been incorporated by reference into the Code of Federal Regulations. *See* 39 C.F.R. § 20.1; *see also id.* § 211.2(a)(2) (establishing that the regulations of the Postal Service consist of the IMM and other manuals).[5] The IMM provides specific procedures for filing a claim as well as subsequent appeals. *See* USPS, IMM §§ 920, 930 *et seq*. To initiate the claims process, a customer must file a claim for indemnity by submitting "a completed PS Form 2855 with appropriate documentation" to International Claims, St. Louis Accounting Services in St. Louis, Missouri. *Id.* § 931.1; *see also id.* § 931.2 (noting that indemnity claims for international Registered Mail and insured packages are "adjudicated by the St. Louis Accounting Service Center"). The customer may appeal a claims decision by filing a written appeal within 60 days of the date of the original decision. *Id.* § 931.31. If the appeal is denied, the customer may submit another appeal within 60 days "for final review and decision" to the Consumer Advocate of International Claims Appeals in Washington, D.C. "who may waive standards in favor of the customer." *Id.* § 931.32.

Although the laws and regulations governing the USPS do not themselves expressly

---

[5] At the time of the events giving rise to Ly's claim in this case in January 2009, Issue 35 of the IMM was in effect. 39 C.F.R. § 20.1. The Court will therefore refer to and cite Issue 35. *See* USPS, Mailing Standards of the United States Postal Service, International Mail Manual, Issue 35 (May 12, 2008), *available at* http://pe.usps.com/IMM_Archive/PDF/IMM_Archive_2008/imm/immTOC.PDF.

require the exhaustion of the administrative claims process for contract claims against the USPS,[6] when an administrative remedy process exists, "the exhaustion requirement 'may be waived in only the most exceptional circumstances.'" *Commc'ns Workers of Am. v. Am. Tel. & Tel. Co.*, 40 F.3d 426, 432 (D.C. Cir. 1994) (citing *Peter Kiewit Sons' Co. v. U.S. Army Corps of Eng'rs*, 714 F.2d 163, 168–69 (D.C. Cir. 1983)). The doctrine of exhaustion of administrative remedies "protect[s] administrative agency authority and promot[es] judicial efficiency," *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992), and ensures that "agencies — and not the federal courts — take primary responsibility for implementing the regulatory programs assigned by Congress." *Ass'n of Flight Attendants-CWA, AFL-CIO v. Chao*, 493 F.3d 155, 158 (D.C. Cir. 2007) (citing *McCarthy*, 503 U.S. at 145). Ly has established no exceptional circumstances that would warrant waiver of the administrative process.[7] Therefore, Ly must exhaust the USPS's administrative claims process before suing the USPS in federal court. *Cf. Simat v. USPS*, 218 F. Supp. 2d 365, 367 (S.D.N.Y. 2002) ("It is well-established that [postal] claimants must first

---

[6] The Court construes Ly's claim as a contract claim because the USPS has waived sovereign immunity for contract claims. *See* 39 U.S.C. § 401(1). To the extent that Ly's claim could be construed as a tort claim, his claim is barred by the doctrine of sovereign immunity. The United States has explicitly refused to waive its sovereign immunity under the Federal Tort Claims Act with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see also McBride v. USPS*, 2007 WL 1965337, at *2 (E.D.N.Y. June 29, 2007) (noting that sovereign immunity barred tort claim, but not contract claim, against the USPS).

[7] There are a number of circumstances under which the general rule requiring exhaustion may be waived, including delay that either is excessive or leads to irreparable injury; inability of the agency to grant effective relief; or bias within or predetermination by the agency. *See Tesoro Ref. & Mktg. Co. v. FERC*, 552 F.3d 868, 872 (D.C. Cir. 2009). Ly has invoked none of these circumstances and none appear to apply to the case.

pursue administrative remedies before properly seeking relief at the district court.").[8]

Ly has not alleged — and there is no evidence to suggest — that he instituted an appropriate claim or any appeals pursuant to the IMM. His submission of the wrong claims form and subsequent phone inquiries do not constitute exhaustion of the available administrative remedies. Accordingly, the Court will dismiss Ly's complaint for failure to exhaust the administrative claims process prescribed in the IMM.

### III. CONCLUSION

For the foregoing reasons, USPS's motion to dismiss is **GRANTED**. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge

---

[8] Other courts have routinely found a plaintiff's failure to exhaust the administrative remedies available under the postal regulations before commencing a lawsuit in district court to be grounds for dismissal. *See, e.g.*, *McBride v. USPS*, 2007 WL 1965337, at *2 (E.D.N.Y. June 29, 2007) (dismissing contract claim against the USPS for mishandling of packages because plaintiff failed to exhaust administrative remedies); *Simat*, 218 F. Supp. 2d at 368 (dismissing contract action against the USPS alleging the USPS failed to deliver packages based on plaintiff's failure to exhaust administrative remedies); *Breaux v. USPS*, 46 F. Supp. 2d 641, 643 (E.D. Tex. 1999) (dismissing complaint seeking refund of Express Mail postage because of plaintiff's failure to exhaust administrative remedies).